E-FILED
Tuesday, 23 April, 2019 03:47:31 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW UPPOLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 19-cv-1128-JES-JEH |
| FELICIA DUNN GRAHAM, KEVIN GRAHAM, | ) ) ) ) |
| Defendants. | ) ) |

# **ORDER AND OPINION**

Now before the Court is Plaintiff Uppole's Motion for Leave to Proceed in forma pauperis (Doc. 2) and Plaintiff's Motion to Request Counsel (Doc. 3). Under 28 U.S.C. § 1915, federal courts may authorize a plaintiff to proceed with a civil action without prepayment of fees if they lack the financial resources to do so. 28 U.S.C. § 1915(a)(1). However, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Additionally, Federal Rule of Civil Procedure 12(h)(3) establishes that a court *must* dismiss an action if it determines at any time that it lacks subject-matter jurisdiction.

Plaintiff alleges that the Defendants have violated his civil rights by: (1) threatening to kill and kidnap his child, (2) threatening to murder him, (3) using electronic means such as the internet to contact him in violation of a no-contact order, (4) disabling the brakes on his truck, causing a near-fatal collision, (5) attempting to extort $4,500 from him and his family, (6) causing him to be jailed for 152 days by filing false complaints, (7) causing him to be

1

arrested four times by filing false complaints, (8) causing him to be sent to a mental health hospital, (9) stalking and harassing him, including by calling and disguising their voices as celebrities, and (10) interfering with his graphic design and music production business by repeatedly hacking into his office software. Doc. 1, pp. 2–6. Plaintiff seeks $75,000 in damages, including $10,000 for defamation of character. *Id.* at 7. The sole federal law Plaintiff cites is 18 U.S.C. § 241, which is a criminal statute prohibiting conspiracy "to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States . . . ." Plaintiff alleges that both he and the defendants are residents of Pekin, IL.

There is no basis for diversity jurisdiction,[1] and the only reference to federal law in Plaintiff's Complaint is to a federal criminal statute that provides no civil cause of action. Plaintiff has also not alleged that either Defendant was a state actor or acting under color of state law, suggesting that 42 U.S.C. § 1983 likewise does not provide a basis for jurisdiction in this case.[2] *See* 28 U.S.C. § 1331. Given Plaintiff's allegations, which describe criminal behavior more appropriately addressed by law enforcement as well as tort actions that Plaintiff may pursue in state court, the Court can find no basis for federal jurisdiction. The Complaint (Doc. 1) is therefore DISMISSED for lack of jurisdiction, with leave to amend within 14 days, and the pending Motions are denied.

---

[1] Plaintiff does not allege diversity jurisdiction, nor does it appear from the Complaint that he could do so, given that all Defendants and Plaintiff have listed addresses in Pekin, Illinois.
[2] It is insufficient under § 1983 to allege that a private defendant used a state actor like a police officer to bring about unconstitutional action, such as by filing a false report with law enforcement—both the private and state actor must have shared "a common and unconstitutional goal." *Starnes v. Capital Cities Media, Inc.*, 39 F.3d 1394, 1397 (7th Cir. 1994) (quoting *Cunningham v. Southlake Center for Mental Health*, 924 F.2d 106, 107 (7th Cir. 1991)).

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is DENIED, Plaintiff's Motion to Request Counsel (Doc. 3) is DENIED, and Plaintiff's Complaint (Doc. 1) is DISMISSED with leave to amend within 14 days of this Order, if amendment would cure the deficiencies described herein.

Signed on this 23rd day of April, 2019.

/s James E. Shadid
James E. Shadid
Chief United States District Judge